Please rise. This court's back in session. The Honorable Justice Pete Katloville presiding. Good morning. Please be seated. Madam Clerk, will you please call the next case? 14-3274. The woman is George. Okay. I would like for the attorneys to please step up to the podium, with the appellant going first. I would like for you to state your name, tell me who you represent, and approximately how long your argument will take. Good morning, Counsel. My name is Katie Anderson from the State Appellate Defender. I represent Mr. Jordan Grigorov, and I would like to reserve two minutes of my argument time for rebuttal. But how much time is it going to take you for your argument? Probably about 10 to 15 minutes, depending on how many questions this court has. Very good, Ms. Anderson. Good morning, Counsel. Good morning. My name is Nancy Kosicki. I'm an Assistant State's Attorney representing the people. I don't anticipate that my argument will take more than about five minutes, depending on what's heard. Very good. Ms. Anderson, why don't you proceed with your argument? Thank you, Your Honor. The State has conceded that Mr. Grigorov is entitled to have the $5 per day credit applied to his fines. However, if this Court has any questions as to that issue, I am happy to answer them. And in light of that concession, the remaining issues are whether this Court can vacate the $5,000 DUI and $250 DNA assessments. Mr. Grigorov did not forfeit his challenges to the assessment, or these challenges to the assessments, where the motion below, that is the subject of this appeal, challenged the fines and fees order. On the ground that he couldn't pay. Yes. On the ground that he was not able to pay. Yes. So what is the standard when the defendant comes in on a motion like that and says, please revoke my fines, fees, my fines, because I can't pay them? Does the trial court have discretion on that motion? The trial court does have discretion, and the appropriate standard of review is an abuse of discretion. However, we would argue that determining whether the trial court abused its discretion in denying that motion requires an examination of whether those assessments were properly imposed in the first place. Okay. So when it's a guilty plea and there is no motion to withdraw the guilty plea, and Rule 604 says nothing we can do unless there is a motion to withdraw the guilty plea. Flowers says no jurisdiction. How did we get around that? Well, in this case, the motion that Mr. Grigorov filed was a motion to revoke fines, and that was filed pursuant to a statute that we really don't see that often, 730 ILCS 5-5-9-2. And under that statute, it's a very short statute. It basically permits a defendant to raise a challenge to the fees order upon good cause shown. And in People v. Mingo, the second district held that that motion is not subject to the traditional 30-day jurisdictional requirement because they looked at the sentencing statute as a whole, and they determined that in light of the sentencing statutes as a whole, it had mechanisms to challenge the imposition of the fines within 30 days. So they determined that the entire purpose of this Section 5-9-2 was to provide a mechanism where defendants can challenge that fines order outside of the 30-day window. And here, Mr. Grigorov's motion was filed pursuant to that statute. Therefore, even though his motion was not filed within 30 days and he did not challenge his guilty plea, it was still properly before the court. The trial court has jurisdiction to consider it, and this court has jurisdiction to consider his claims on appeal. And it doesn't matter, in your view, on what basis Mr. Grigorov said, for good cause shown, my fine should be revoked. He can expand on that on appeal. He can abandon his original argument as he did, and he can raise all sorts of other issues. That is correct. That is permitted under the statute. Section 5-9-2 simply says that the court has authority to revoke or reduce fines upon good cause shown. Okay. Tell me any other context in which a reviewing court says to a litigant, it doesn't matter what arguments you advance below. You can advance any argument you think of on appeal. Well, this statute is kind of a particular statute where under the precise language of that statute we're permitted to do that. I can't think of any situation that is directly analogous. However, in People v. Caballero, that court reviewed a different statute, the statute that deals with the $5 per day credit, and that court determined that under the language of that particular statute, the defendant could raise the $5 per day credit as long as the court already had jurisdiction. So this would roughly be analogous to that, but there's nothing directly on point. You're saying this court has unlimited jurisdiction if you revoke Section 5-9-2? No. I'm not saying the court has unlimited jurisdiction. However, our argument that the trial court abused its discretion in denying the motion is inextricably intertwined with the argument that these fines should not have been imposed in the first place. But you're not arguing on appeal that the trial court abused its discretion when it determined that the reason asserted by your client for revoking the fees was not valid. You're not contesting that on appeal. So I go back to Justice Neville's question. We have jurisdiction on appeal to consider any argument as long as it relates to fines, right? That is correct. You have jurisdiction on appeal to consider the fines and fees order. In People v. Molidor, the defendant's appeal is the same. Well, you said fines and fees as if they're the same. 5-9-2 is limited to fines. That is correct. So fines and fees is an expansion of 5-9-2, and I don't see any comparable statute that refers to fees. We do have an argument as to the DNA fees specifically. Under People v. McRae, which was a post-conviction appeal, the appellate court said that it had the authority to vacate the DNA assessment because that assessment, while it is a fine, it's not part of the criminal sentence. It's a collateral consequence of conviction. So the McRae court held that because the DNA fee was not part of the sentence, it was not subject to the void sentence rule, and this court still has the authority to vacate that fee regardless of People v. Castleberry. And the McRae court did vacate that DNA assessment, even though that challenge was raised for the first time on appeal. So if I understand your argument correctly, it is that there is virtually unlimited opportunities for a defendant to challenge fines and fees in almost any context, right? No. We're arguing that in this case, because this is the motion our client filed in the trial court, challenging the fines and fees order, we're arguing here that the trial court's denial of that order was an abuse of discretion because some of these fines and fees, particularly the $5,000 DUI, fines should not have been imposed in the first place. So how could we determine that the $5,000 fine was an abuse of – that it was somehow imposed as an abuse of discretion when the trial court was never asked in your motion to exercise its discretion to vacate that fee – that fine? Excuse me. We can tell based upon the uncontested facts in the record that the DUI assessment was improperly imposed. Under the statute authorizing the DUI assessment, that assessment, which is $5,000, can only be imposed if it is the defendant's 6 DUI and if his blood alcohol content was .16 or above. In the trial court below, when the state was giving the recitation of facts in accordance with the guilty plea, the state specifically noted that Mr. Grigoroff refused chemical testing. Therefore, the state admitted in the trial court that we did not have any evidence of Mr. Grigoroff's blood alcohol content. Therefore, because there was no proper evidentiary basis for the imposition of the fine, the fine was not properly imposed. So we're saying that based upon the uncontested facts, the fact that this fine was inadvertently imposed and inadvertently upheld by the trial court was an abuse of discretion. Okay, but did you raise that in your motion? That was not raised in the motion. Okay, so why would you be allowed to now argue something for the first time in an appeal that you didn't present to the trial court and give the trial court the opportunity to say, you know what, you're right, I shouldn't have done this. That's the question. Because under People v. Molidor, this court can consider the issues because they're so closely related. In that case, the defendant appealed the trial court's denial of his motion for the return of his bond, which was made about 10 months after he pled guilty in that case. And the trial court said, no, it wouldn't return the bond because it had already been applied for fines and fees. And then on appeal, the defendant argued for the first time that the DNA assessment was improperly imposed, that the trial court never applied the $5 per day credit, and that the amount imposed for the VCBA fine was too much and that amount needed to be reduced.  But the second district disagreed, and they said, because resolution of the issue raised on appeal, the return of the bond necessarily depends on the calculation of fines and fees properly imposed, thus we will consider the issue. We're arguing that this case is analogous to that case. In order to determine whether the trial court abused its discretion in denying the motion, we should look at whether the fines in particular were properly imposed in the first place, just as the court did in Molidor. And so the language in Flowers in Rule 604, it says, we shall not consider the merits of an appeal on a guilty plea unless there has been a motion to vacate in the trial court. That doesn't mean anything. In the 592 context, no, it doesn't, because this is a collateral challenge to fines only. Courts have held that the entire purpose of this statute is to allow a defendant to make that challenge to the fines outside the 30-day window, just like Mr. Kruger opted here. There is absolutely no case law that says that this statute does not apply to someone who is fed guilty, and also that limitation is not in the statute itself. The statute simply says that a defendant can petition to have his fines reduced or revoked upon the showing of good cause. Upon the showing of good cause. And so what you're saying is the showing of good cause made in the trial court is irrelevant to the showing of good cause that the defendant can raise on appeal. And I'm sure you've gathered I have a problem with that. Yes. However, again, all I can do is we would argue that these issues are inextricably intertwined. In People v. Becker, the Illinois Supreme Court considered the State's harmless error argument, which was raised for the first time before that court, because it was inextricably intertwined with the State's other argument. And here we're arguing that whether these fines were properly imposed in the first place is inextricably intertwined with whether the trial court abused its discretion in upholding those fines. And while the challenges that he raises here are not identical, because he challenged the fines and fees order, the court was certainly on notice, you know, that that was the order being challenged. And also the trial court is presumably on notice that the defendant filed a notice of appeal. So it's not a surprise to the trial court that this court would be reviewing that. But I think I just heard you say that if the trial judge, that the record clearly reflects that the State represented that Mr. Becker Gough refused to have his blood tested, so there was not that element. And so I don't understand how you can say the court's on notice of something when you didn't bring it to the court's attention to say, Judge, the State did not present the prerequisite for imposition of this fine. That wasn't presented to the trial court. That is correct. However, we are no longer before the trial court. We're before this court. So we would argue that this court can review these claims as a matter of judicial economy. We are not, there are no uncontested facts. And this court properly has jurisdiction over this appeal. Furthermore, Section 592 places no bar on the filing of successive motions. So while Mr. Gregoroff could go back to the trial court and just file another motion that's phrased the exact same arguments that I'm raising now, it makes more sense to simply resolve these claims now as a matter of judicial economy than to require even more additional proceedings. So what are the parameters of judicial economy in your view? Just whenever it's convenient? We should just do it and relieve defendants of available avenues of redress in the I'm not arguing that that should happen across the board. I'm arguing that in this case where we're not dealing with any contested facts and where the trial court had an opportunity to review the order that is the subject of this appeal, and it certainly, or the state has not argued, you know, that vacating these fines would prejudice the state in any way. I can't think of any prejudice to the trial court. But it seems to me that if these fines should be vacated, it makes the most sense to just vacate them now instead of requiring additional proceedings that would require, you know, another judge, additional courtroom staff, another state's attorney most likely to be assigned to the case. It just seems like it makes more sense to resolve it in this court when we're not. I don't understand. I think trial judges get a little sensitive about getting reversed on issues that were never presented to them. It seems as expedient as you say it might be, it seems unfair to the trial judge to do that. But if that is this Court's concern, this Court could then also remand this case with instructions to the trial court to consider these arguments. If that is, you know, this Court's concern, that these arguments were not presented. This Court could certainly order a remand expressly for that purpose. If we don't have jurisdiction, we don't remand. This Court does have jurisdiction, though, because the court order here was a final appealable order, and this Court properly has jurisdiction over the appeal. Whether this Court wants to consider these specific arguments that we have raised in relation to these assessments is a separate issue from whether this Court has jurisdiction. However, all of the published opinions dealing with Section 592 have held that the appellate court has jurisdiction to consider an appeal from the denial of that motion. Thank you, Ms. Anderson. Thank you. You have reserved two minutes for rebuttal. Good morning again, counsel. Good morning again. Before I begin, I'd like to apologize again for my initial brief that I filed in this case, and I'd like to thank the Court for allowing me to correct the error by filing an amended brief. As our amended brief makes clear, we're no longer testing circuit court or appellate court jurisdiction. The circuit court did have jurisdiction to consider the defendant's motion for revocation of a fine, since, as the Mingo case explains, a petition for revocation of fines under Section 592 is a collateral action that's not subject to the 30-day limit. Secondly, this Court does have jurisdiction over defendant's appeal because the appeal is from a final order and because defendant filed a timely notice of appeal. Also, we're not contesting defendant's claim that he's entitled to $975,000 pre-incarceration credit toward his fines. Under the decision in Caballero, a defendant's entitled to seek pre-incarceration credit at any time, including here and in this appeal, even though it wasn't part of what he requested in the circuit court. So he is entitled. Counsel, do we have a limited jurisdiction, as Ms. Anderson maintained? No. What's the scope or the limits on our jurisdiction? Well, apart from what I just said in terms of jurisdiction, I mean, there's a forfeiture issue based on the mechanism the defendant chose to challenge the sentence. Section 592 is a collateral action. It's limited. There's a value in finality of judgment. So a defendant, if he wanted to file an appeal under 604, as was being discussed, that would have opened up pretty much everything. But what he chose to do instead was to file under this separate collateral kind of action. He could only challenge fines in that. There are certain limits on what he can do, and then limits again on what he can do on appeal based on what he failed to raise below. More specifically, 592 says we may only consider the revocation of the fine or the unpaid portion or modify the method of payment. The legislature was pretty specific on what we can do. Right. Right. So it's our position that the relief that the defendant is asking for in terms of the $250 DNA system fee, certainly that doesn't fall under it because it's a fee and not a fine. So let me ask you. I assume you were here when Ms. DeVito was pummeled by the court. Yes. And in the companion case, the State argued revestment as a method of affording relief to the defendant. And I have some conceptual problems with that. If jurisdiction has not been revested in the trial court, I'm not sure it can be But basically what the State was arguing was we'll consent, even though under other circumstances this court would not have jurisdiction, we'll revest the court with jurisdiction. We now have Mr. Vergoff who says this $5,000 fine, this substantial fine that was imposed on me, is without evidentiary support in the record. Because there was never any proof that my blood alcohol level achieved the level required for that fine. So I take it the State has looked at that and said we don't want to revest on that. We don't want to correct what would appear to be an improper fine. So is it up to the State as to whether we can afford relief to a defendant or is it up to us? Well, from our perspective, we look case by case at the arguments that are raised. So how does the law then evolve? Case by case, the State decides to revest in one case. In the next case, for reasons known only to the State, the State doesn't want to revest. And again, we kind of lurch around here wondering if the State is going to revest or not and whether we can address the issues. Do you see the problem? I do see the concern. I don't think I have the answer to that. You know, I can only focus on what happened in the particular case that I have and explain the reasons that we would not concede on those two fines. Do you have any reason to believe that if Mr. Gregoroff is correct and there is no evidentiary support for the $5,000 fine in the record, that the State's attorney would agree with his trial counsel to approach the trial court and say let's vacate that fine? If it had been raised at an appropriate time. I'm assuming, assuming after this appeal, let's say we say we can't address it. Do you have any reason to believe that the State's attorney would not do that as a matter of course in the interests of justice? Frankly, I don't have the experience in this area to answer that definitively, but it's something I'm sure that they would consider. One of our arguments obviously that's in the amended brief is that even if that $5,000 fine is not authorized under the particular section that was given for it, a $5,000 fine falls within the $25,000 felony fine that the judge could have imposed. So as far as what they would do specifically if that question came before them, I don't know. But was the $5,000 fine, was the box checked specifically related to his blood alcohol level? That box was checked. Okay. So we have other case law that says if we were to find that was error, we could not send it back and say reimpose that $5,000 fine because that increases the defendant's sentence. It's imposed, the fine is imposed as part of the sentence, correct? And if the fine is wrong, we can't send it back to impose the right fine, can we? But the court can affirm on any basis of record. And it's of record that the defendant was convicted of a felony and a $5,000 fine could be imposed on the defendant on that basis. I'm not so sure that under case law you can do that. We don't do that. The trial court imposes the fine for whatever reason within their discretion they feel the fine is appropriate. Now, if the trial court imposes a fine for $5,000 because the defendant wore a purple tuxedo to court, well, you could impose a $5,000 fine because it's within the $20,000 maximum fine you could impose. We wouldn't say, well, you don't fine him for the tuxedo, but you can fine him for the $5,000, so we'll let it stand. The law doesn't operate that way. Yeah, I guess what I can say is that there's been some discussion of judicial economy here, and there is that principle that the court can affirm on any basis of record. But the condition of the proceeding is that we have jurisdiction. Okay. With that condition. Right. The court does need to have jurisdiction. I'm not sure I'm following you. Pardon? I'm not sure I'm following you. What I'm saying is you're saying we can exercise judicial economy, but we can't if we don't have jurisdiction over the issue. Right. That's true. Are you saying our jurisdiction is limited to the issues raised in the trial court? I think it is raised, yeah. Yes, in this case. I mean, when defendant filed his motion for revocation of the fine, he only protested that he was unable to afford it. He's trying to raise additional issues on appeal that he never raised in the trial court. So is that a question of our jurisdiction to consider his appeal, or is it our discretion to either consider a forfeited or waived argument? Is that up to us? Well, there's no question that the appellate court has jurisdiction over this appeal. Right. As far as jurisdiction over that particular point, I mean, it was forfeited. Because he didn't argue it on appeal. Because he didn't argue it below. So does that preclude us from considering anything else that is put in points 2, 3, 4, 5, 6, 7, 8, 9, 10 of his brief? It should preclude you from considering it. Why? Because it wasn't raised below, because the trial court didn't have an opportunity to consider it, and because this court reviews what happened in the trial court. Under principles of forfeiture and waiver? I'm sorry? Under principles of forfeiture and waiver? Well, it's our argument that the court should not consider it because it was forfeited. Under forfeiture? Under forfeiture. Right. Not jurisdiction? I would say not. Right. So the defendant is suggesting that this court has authority to review the $250 fee and the $5,000 fine under the case of People v. Caballero, but Caballero only authorizes changes that are ministerial, which requires something as simple as multiplying the number of days by a $5 amount. So the fee and the fine that the defendant is asking this court to change in this case would require looking beyond the ministerial and actually evaluating the record and the case law, and that goes beyond ministerial and it's not authorized by Caballero. So our position is that even if the court does consider the defendant's request, it should reject them. As far as the $250 state DNA ID system fee, that's a fee and not a fine, as was discussed earlier in this case or possibly the last one, and the $5,000 fine we've already discussed. So we are asking that this court affirm everything except the $975 pre-incarceration credit against defendant's fines. Thank you, counsel. Ms. Anderson, some brief rebuttal? Thank you, Your Honor. I will be as brief as possible. In People v. Allen, the Illinois Supreme Court said that entering a wit and order reflecting the previously pronounced sentence is a ministerial act. Therefore, in this case, vacating the $5,000 DUI assessment would be a ministerial act because Mr. Grigoroff entered into an agreed negotiated plea where he agreed to serve six years on the add DUI count, a concurrent term of three years on the driving without a license count, and mandatory fines and fees. If there had been evidences to his blood alcohol level, and if his blood alcohol level was over .16, the DUI offense fine would have been a mandatory fine. However, in this case, the evidence that was required to impose that fine was not present. Therefore, the DUI offense fine appears to have been inadvertently applied in error, and this Court's vacation of that fine would be considered a ministerial act because it would simply be correcting the fines and fees order to conform with the judgment of the trial court as announced. So the trial court doesn't get to perform the ministerial act. We are the court of first resort, right? We are no longer in the trial court, Your Honor. But I'm just saying, your view is if it's a ministerial act, it doesn't matter that the trial court wasn't asked to perform it. We should do it as a matter of first resort. That is correct under the reasoning of Caviero, which permits a defendant to request a ministerial act for the first time on a preliminary basis. Well, Caviero is pretty specific. I don't know that it dealt with the entirety of fines and vacating fines. It dealt specifically with the $5 per diem credit. Yes, and in doing so, it looked at the language of the $5 per diem credit statute and found that under the language of that statute, those claims could be raised at any time. Here, the language of 592 is analogous because it permits good cause shown at any time, and it's not limited to claims raised within that initial 30 days after judgment window. If this court does not have any questions, we will rest on our argument. We also appreciate this court's offer in their order, in their most recent order, permitting us to file a reply brief after oral argument, and we will be doing that shortly. Okay. Well, when would you like to do that? We could do that a week from today. All right. You need a reply? The state filed an amended brief. Okay. Anything further? Nothing further at this time, Your Honor. Thank you. Thank you, Counsel. Well, I want to compliment the attorneys. As you can see, this is a matter of great interest to the court. I want to compliment you on all the briefs that you filed, on your arguments today. This matter will be taken under advisement, and this court stands in recess.